**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: ADOLPH E. RAMBO and DENISE
RAMBO,

     Debtors.

----------------------------------------------------

  LAWRENCE A. G. JOHNSON,

     Appellant,

v.

ADOLPH E. RAMBO and DENISE
RAMBO,

     Appellees.

No. 97-6228
(Western District of Oklahoma)
(Bk. No. 96-10840)
(BAP No. WO-96-028)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the appellant's request[1] for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[1] There has been no other appearance.

ordered submitted without oral argument.

This is an appeal from the Bankruptcy Appellate Panel (BAP) which affirmed an order levying sanctions against appellant Johnson. The BAP predicated its ruling upon the fact Mr. Johnson failed to provide it a transcript of the hearing in which the bankruptcy court made the oral findings of fact which provided the foundation for the sanction order. Because the BAP had no record upon which to base an examination of the propriety of the sanctions order, it affirmed the decision of the bankruptcy court. The appeal to this court suffers the same malady; therefore, we also must affirm.

In his brief to us, Mr. Johnson expends considerable energy justifying his conduct before the bankruptcy judge and urging strenuously why that conduct did not deserve sanction. Absent from this exegesis, however, is one word of why we should reverse the judgment of the BAP. He makes no effort to explain his failure to provide a reviewable record, nor does he anywhere contend the BAP was unjustified in its action. Indeed, he makes no argument whatever regarding the BAP's judgment. His focus is solely upon the sincerity of his effort in the bankruptcy court, the prejudice manifested against him by the bankruptcy judge, and the justness of his cause.

While all of his arguments may have foundation, we will never know. None of the bankruptcy court's findings were reduced to writing, and all were made orally upon the record at the conclusion of the sanctions hearing. Whether those findings were clearly erroneous, or whether the order was an abuse of discretion will ever remain shrouded in

the untranscribed record of the hearing.  Unfortunately for Mr. Johnson, his presentation to the BAP and this court indicates he does not understand that fact.

Having himself provided a barrier to our ability to perform our appellate function, Mr. Johnson must bear the consequences.  We cannot reverse what we cannot review. Despite appellant's importuning of the absence of his bad faith, the BAP did not err.

**AFFIRMED.**

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge